**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mike Robert Olbinski, | No. CV-26-04369-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| 10XLAW.COM Incorporated, | |
| Defendant. | |

On July 29, 2026, Defendant 10XLAW.COM Incorporated ("Defendant") filed an Unopposed Motion to Set Aside Default (Doc. 12). As this Motion is unopposed, Plaintiff Mike Robert Olbinski ("Plaintiff") did not file a response.

Federal Rule of Civil Procedure 55(C0 provides that a court may set aside default for "good cause shown." Fed. R. Civ. P. 55(c). The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *Fran. Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). To determine whether a defendant has shown good cause justifying vacating default, a court considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; and (3) whether reopening the default would prejudice the plaintiff(s). *Bd. of Trustees of Teamsters Loc. 631 Sec. Fund for S. Nevada v. World Wide Exhibits, Inc.*, 770 F. Supp. 3d 1245, 1249 (D. Nev. 2025).

Here, Plaintiff's Complaint was filed on June 22, 2026, and service was rendered

on July 1, 2024, on "Christine Andrews, who as manager is authorized by appointment or by law to receive service of process for 10XLAW.COM, Inc." (Docs. 1, 8). Based on the proof of service, the Clerk entered default on July 24, 2026. (Doc. 10). However, Defendant now asserts that "[d]ue to techinical [sic] issues with email communication and an inadvertent error, Defendant was not made aware of this matter until July 24, 2026." (Doc. 12 at 2). And "Upon learning of its inadvertent error and the pendency of this matter, Defendant acted with due dilligence [sic], retaining the undersinged and preparing and filing this Motion to Set Aside the Clerk's Default in an effort to immediately correct the issue." (*Id.*) Given the brief delay, lack of culpable conduct by Defendant, and lack of opposition by Plaintiff, the Court finds that good cause for setting aside default has been established.

Accordingly,

**IT IS ORDERED** that Defendant's Unopposed Motion to Set Aside Default (Doc. 12) is **GRANTED**. Defendant shall file an answer or otherwise respond to Plaintiff's Complaint **within twenty-one days of this Order**.

Dated this 29th day of July, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 2 -